IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ACUITY, A MUTUAL INSURANCE COMPANY, )
)
)
Plaintiff, )
) CASE NO.:
v. )
)
NUTHAK INSURANCE, LLC and )
STEPHEN C. NUTHAK, )
)
Defendants. )

1:10-cv- 0261 LJM-DML

### COMPLAINT AND REQUEST FOR JURY TRIAL

The Plaintiff, Acuity, A Mutual Insurance Company (hereinafter referred to as "Acuity"), for its Complaint against Nuthak Insurance, LLC and Stephen C. Nuthak (hereinafter referred to as "Nuthak") states as follows:

### I.

### THE PARTIES

1. Acuity is a citizen of the State of Wisconsin.

2. Nuthak Insurance, LLC is a citizen of the State of Indiana.

3. Stephen C. Nuthak is a citizen of the State of Indiana.

### II.

### JURISDICTION

4. This Court has jurisdiction over the subject matter of this lawsuit on the grounds of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

5. The Plaintiff is a citizen of the State of Wisconsin. The Defendants are citizens of the State of Indiana.

6. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

### III.

### VENUE

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2) as a substantial part of the events or omissions giving rise to this claim occurred within this Judicial District.

### IV.

### FACTS

8. On August 23, 2007, Acuity and Nuthak entered into a contract, a copy of which is attached as *Exhibit A*, (hereinafter referred to as the "Agency Contract").

9. Pursuant to the Agency Contract, Nutak was allowed to bind and execute insurance contracts for Acuity "per Company guidelines. . . ."

10. Sometime between January 17, 2008 and February 1, 2008 Nuthak bound two policies of insurance with Acuity, one providing coverage to Toni Deckard and John Schmidt, dba Swiss Partners and one to Swiss Companies, Inc.

11. Swiss Companies, Inc. operated a restaurant known as Dutch Meal Amish Style Buffet out of the building owned by Toni Deckard and John Schmidt, dba Swiss Partners.

12. On March 5, 2008, the insured building that housed the insured restaurant caught fire.

13. As a result of the fire, the contents of the building were a total loss.

14. As a result of the fire, the building itself was a total loss.

15. In compliance with the two policies of insurance bound by Nuthak, Acuity paid Toni Deckard and John Schmidt, dba Swiss Partners and Swiss Companies, Inc. a total of $804,960.00.

V.

## NEGLIGENCE

16. Acuity's Risk Selection Guidelines required a restaurant be at its location for three years before the restaurant could be written for coverage.

17. The Risk Selection Guidelines prohibited writing insurance coverage for restaurants that had live entertainment.

18. The Risk Selection Guidelines prohibited writing coverage for restaurants that were housed in a building that was not built specifically to be a restaurant.

19. The Dutch Meal Amish Style Buffet had not been open for three years at that location.

20. The Dutch Meal Amish Style Buffet did have live entertainment.

21. The Dutch Meal Amish Style Buffet operated out of a building that was not built to be a restaurant.

22. Nuthak was negligent in writing the policies of insurance with Acuity and binding Acuity on both of these policies in violation of the Risk Selection Guidelines.

23. On February 27, 2008, Acuity began the process of canceling the coverage that was bound by Nuthak on these two policies, with timing in compliance with Indiana law covering the cancellation of insurance.

24. Before the policies could be canceled in compliance with Indiana law, the fire occurred on March 5, 2008.

25. As a proximate result of Nuthak's negligence, Acuity was required to pay Toni Deckard and John Schmidt, dba Swiss Partners and Swiss Companies, Inc. a total of $804,960.00.

WHEREFORE, Acuity prays for a judgment against Nuthak in the amount of $804,960.00, for pre-judgment interest, and for all other proper relief.

## VI.

### BREACH OF CONTRACT

26. The Plaintiff incorporates by reference paragraphs 8 through 24 above.

27. In writing the two policies of insurance referenced above, Nuthak breached the Agency Contract including but not limited to executing insurance contracts not in compliance with Company guidelines as required by Section A 1.b.

28. As a proximate result of Nuthak's breach of the Agency Contract, Acuity was required to pay Toni Deckard and John Schmidt, dba Swiss Partners and Swiss Companies, Inc., a total of $804,960.00.

WHEREFORE, Acuity prays for a judgment against Nuthak in the amount of $804,960.00, for pre-judgment interest, and for all other proper relief.

## VII.

### INDEMNITY

29. The Plaintiff incorporates by reference paragraphs 8 through 24 and 27 above.

30. Pursuant to paragraph **E. Indemnification** paragraph 2 of the Agency Contact, the Agent [Nuthak] agreed to "indemnify and hold the Company [Acuity] harmless from all liability arising out of the Agent's error, act or omission except to the extent the Company has caused such error, act or omission."

31. Nuthak's errors, acts and omissions as outlined above have damaged Acuity.

32. Under the terms of the indemnity provision of the Agency Contract, Nuthak is contractually required to hold Acuity harmless from the loss it sustained as a result of the fire at Dutch Meal Amish Style Buffet.

WHEREFORE, Acuity prays for a judgment against Nuthak in the amount of $804,960.00, for pre-judgment interest, and for all other proper relief.

### REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests that this case be tried by jury.

NORRIS CHOPLIN & SCHROEDER, LLP

*/s/ Peter A. Schroeder*
Peter A. Schroeder (1587-49)
Angela S. Field (27103-49)
Attorneys for Plaintiff

NORRIS CHOPLIN & SCHROEDER, LLP
101 West Ohio Street, Ninth Floor
Indianapolis, IN  46204-4213
317/269-9330; 317/269-9338 (fax)
pschroeder@ncs-law.com; afield@ncs-law.com